RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOTIVA ENTERPRISES LLC, | : | C.A. No.: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LAKEVIEW AUTO CARE INC. and | : | |
| MATTHEW D. HERMAN, | : | OCTOBER 19, 2004 |
| Defendants. | : | |

04 CV 12194 DPW

## VERIFIED COMPLAINT

MAGISTRATE JUDGE

Plaintiff MOTIVA ENTERPRISES LLC ("Motiva") alleges as follows:

### PARTIES

1.   Motiva is a limited liability company organized under the laws of Delaware having its principal place of business in the State of Texas. SOPC Holdings East LLC and TMR Company (both directly or indirectly owned by Shell Oil Company) together own a 50% interest in Motiva. Saudi Refining, Inc. owns the other 50%.

2.   Upon information and belief Defendant Matthew D. Herman is a natural person residing in the Commonwealth of Massachusetts. Upon information and belief Lakeview Auto Care Inc. is a Massachusetts corporation having its principal place of business in the Commonwealth of Massachusetts. At all material times Defendants Matthew D. Herman and Lakeview Auto Care Inc. ("Defendants") operated a gasoline service station business under the Shell brand at 1050 Washington Street, Braintree, Massachusetts (the "Station") and/or are or were in possession of the Station.

3. Upon information and belief, each of the Defendants was the agent, servant and/or employee of the other Defendant and was acting within the purpose and scope of said agency, service and/or employment and with the permission and consent of their co-Defendant.

4. Motiva, as assignee of certain assets from Shell Oil Company, is the freehold owner of the improved commercial real property on which the Station is situated.

## JURISDICTION

5. Jurisdiction rests with this court pursuant to (a) 28 U.S.C. § 1331 and/or § 1337 on the grounds that this is a civil action arising under the laws of the United States, and/or arising under an Act of Congress regulating commerce or protecting trade, specifically the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq. ("PMPA"), in that it is based upon a controversy between parties to a petroleum marketing franchise, thus presenting a federal question; and (b) 28 U.S.C. § 1332 on the ground that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. This court also has supplemental subject-matter jurisdiction over all claims not arising under the laws of the United States pursuant to 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.

## BACKGROUND

6. The Station, its physical assets and equipment, including underground gasoline storage tanks and dispensers, are all owned by Motiva. The property and equipment were leased to Defendants pursuant to the Retail Facility Lease (the "Lease") and Retail Sales Agreement ("Sales Agreement"), both effective June 1, 2003 (attached hereto as Exhibits A and B, respectively).

7. Among the relevant provisions of the Sales Agreement are the following:

    a. "Subject to any limitations imposed by Law, and in addition to all other rights or remedies available, Seller [Motiva] may terminate this Agreement for any of the following grounds . . . (3) The occurrence of an event which is relevant to the relationship under this Agreement and as a result of which termination of this Agreement is reasonable, including, without limitation, the following events: . . .(viii) Retailer's failure to maintain a sufficient amount of all grades of Products for resale at Retailer's Station, or Retailer's failure to operate Retailer's Station, for seven consecutive days, or such lesser period which under the facts and circumstances constitutes an unreasonable period of time." (Sales Agreement Article 22(a)(3)(viii)).

    b. "Retailer shall maintain a sufficient amount of all grades of Products for resale at Retailer's Station." (Sales Agreement Article 5(d)).

8. Among the relevant provisions of the Lease is the following:

    "(a) Upon termination or non-renewal of this Lease, Lessee shall peaceably surrender the Premises to Lessor. The Premises must be surrendered to Lessor in as good condition as when received, ordinary wear and tear excepted. If necessary, Lessor may re-enter and repossess the Premises without affecting any other rights or remedies available to Lessor under this Lease or otherwise.

    (b) If Lessee fails to remove any of Lessee's property upon termination or non-renewal of this Lease such property will be deemed abandoned and Lessor may dispose of Lessee's property without recourse.

    (c) In addition to Lessor's rights under Article 19(b), Lessor will be entitled to compensation, as liquidated damages and not as a penalty, in the amount of $300.00 per day from Lessee from the date of termination or non-renewal of this Lease until the date of final removal of Lessee's property and restoration of the Premises by Lessor or Lessee, as the case may be." (Lease Article 19).

9. On a number of occasions, Defendants failed to purchase sufficient fuel from Motiva and ran out of fuel to sell to customers, thereby breaching their Sales Agreement.

10. Motiva sent Defendants a warning letter, on or about September 7, 2004 (attached hereto as Exhibit C), notifying the Defendants of the consequences of Defendants' continued failure to operate the Station for the sale of motor fuel.

11. On September 22, 2004, Defendants again ran out of all grades of gasoline at the Station.

12. Defendants continued without any gasoline for sale at the Station for the next seven consecutive days (through September 29, 2004), thereby breaching Sales Agreement, Sections 22(a)(3)(viii) and 5(d).

13. Under the PMPA, Section 2802(b)(2)(C) and 2802(c)(9), failure to sell gasoline for seven consecutive days constitutes one of the PMPA's enumerated grounds for termination of a franchise.

14. On October 1, 2004, two Motiva representatives hand-delivered a termination letter to Defendants stating the grounds for termination pursuant to the PMPA along with a copy of that statute's provisions (letter attached hereto as Exhibit D). According to the termination letter, the franchise relationship and the Lease and Sales Agreement all terminated on October 4, 2004.

15. The termination letter gave the following grounds for termination of the franchise:

    a. Failure to operate the Station for seven consecutive days for resale of motor fuel constitutes grounds for termination under PMPA Sections 2802(b)(2)(C) and 2802(c)(9) and under the Sales Agreement Article 22(a)(3)(viii).

    b. Failure to operate the Station for seven consecutive days for resale of motor fuel also constitutes grounds for termination under PMPA Section 2802(b)(2)(A) and the requirement of the Sales Agreement Article 5(d)

        that Defendants must "maintain a sufficient amount of all grades of Seller's branded gasoline."

    c.    Failure to exert good faith efforts to carry out the provisions of the franchise after receipt of Motiva's September 7, 2004 warning letter constitutes independent grounds for termination under PMPA Section 2802(b)(2)(B).

16.    Under the PMPA, notice of less than 90 days for termination is permitted where requiring the franchisor to wait to terminate would not be "reasonable." See PMPA Section 2804(b)(1)(A). Failure to sell fuel for seven consecutive days is one such situation, as it violates the fundamental purpose of the gasoline franchise: to sell Shell-branded gasoline at the Station.

17.    Under Article 19(a) of the Lease, Defendants obligated themselves "[u]pon termination or non-renewal of this Lease, Lessee shall peaceably surrender the Premises to Lessor . . ."

18.    Despite the lawful termination of the franchise, Defendants have refused to vacate the Station. Motiva seeks (1) a declaration that the franchise relationship has been lawfully terminated, (2) an injunction restoring possession of the Station to Motiva, and (3) damages for injury that Motiva continues to suffer by reason of Defendants' continued wrongful possession of the Station.

19.    Motiva has satisfactorily performed all terms and conditions on its part to be performed under the Lease and Sales Agreement.

20.    As of the date hereof, Defendants have not surrendered possession of the Station, and continue to occupy the same without Motiva's consent or other right to do so.

## First Cause of Action

(Declaratory relief against both Defendants)

21.     Motiva realleges each of the allegations contained in paragraphs 1 through 20 above, inclusive, and incorporates said allegations as though fully set forth herein.

22.     By reason of the refusal and failure of Defendants to vacate or surrender the Station and their continued wrongful possession of the Station and operation of a business without paying rent to Motiva, an actual controversy exists between the parties concerning their respective rights and duties.

23.     Motiva contends that:

(a)     The termination of the franchise and franchise relationship between the parties was justified and proper in accordance with the PMPA;

(b)     Motiva is entitled to immediate possession and control of the Station; and

(c)     Defendants are liable to Motiva for additional damages for injury caused by their wrongful occupation of the Station, including, without limitation, liquidated damages for loss of rental value, loss of profit and damage to goodwill.

24.     Defendants have refused to vacate the Station, stating that they believe the termination to be improper and/or unjustified.

25.     Motiva desires a judicial determination of its rights, and a declaration as to (1) the lawful termination of the franchise relationship and contracts between the parties as of October 4, 2004, (2) Defendants' obligation to surrender possession of the Station, and (3)

such other and further relief declaring the rights, liabilities and obligations as between the parties as may be permitted by law or are appropriate under the circumstances.

26. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Motiva may ascertain its rights under the agreements between the parties and determine how to recover its losses suffered as a result of Defendants' conduct as aforesaid.

## Second Cause of Action

(Injunctive relief against Defendants)

27. Motiva realleges each of the allegations contained in paragraphs 1 through 26 above, inclusive, and incorporates said allegations as though fully set forth herein.

28. Defendants unlawfully and without just cause and without Motiva's permission or consent continue in possession of the Station, after the termination of the Lease, and have unlawfully refused to deliver possession thereof to Motiva. Alternatively, Defendants are trespassers.

29. Upon information and belief, unless enjoined by this Court, Defendants will remain in wrongful occupation of the Station and continue to cause irreparable injury to Motiva, for which there is no adequate remedy at law.

30. Defendants' conduct in continuing to occupy the Station in breach of the terms of the Lease, without selling motor fuel and operating unauthorized businesses from Motiva's property, irreparably harms Motiva's goodwill and business reputation, and causes Motiva to suffer financial losses in unknown amounts for which Motiva will never fully be compensated.

The longer Motiva is denied its right to reoccupy its own property and buildings, the greater the harm will be.

31.     Defendants are wrongfully denying Motiva the use and enjoyment of its real property. Motiva is entitled to a preliminary and permanent injunction requiring Defendants to immediately vacate the Station and return undamaged to Motiva all of Motiva's personal property located at the Station, in accordance with their obligations under the terms of the Lease, and restoring immediate possession of the Station to Motiva.

### Third Cause of Action

(Possession for unlawful detainer against Defendants)

32.     Motiva realleges each of the allegations contained in paragraphs 1 through 31 above, inclusive, and incorporates said allegations as though fully set forth herein.

33.     On October 1, 2004, Motiva served written notice on Defendants that, due to their breaches of the Sales Agreement, the franchise and the franchise agreements between the parties were terminated as of October 4, 2004 and that they must surrender possession of the Station on October 4, 2004.

34.     As of the date hereof, Defendants have refused to surrender possession of the Station, despite the requirement of Article 19(a) of the Lease.

35.     Defendants are guilty of unlawful detainer.

36.     Motiva is entitled to immediate possession of the Station.

## Fourth Cause of Action

(Damages for breach of contract against Defendants)

37. Motiva realleges each of the allegations in paragraphs 1 through 36 above, inclusive, and incorporates said allegations as though fully set forth herein.

38. In breach of the Sales Agreement Article 5(d), Defendants failed to maintain a sufficient amount of Shell-branded gasoline at the Station from September 22, 2004 through October 4, 2004.

39. Defendants' failure to have gasoline for sale at the Station from September 22, 2004 through the termination on October 4, 2004, likewise constitutes a breach of the Sales Agreement Article 22(a)(3)(viii).

40. As a result of Defendants' failure to maintain gasoline for sale at the Station from September 22, 2004 through the termination on October 4, 2004, Defendants have caused Motiva to suffer damages including, without limitation, lost profits and damages for injury to goodwill.

## Fifth Cause of Action

(Damages for unlawful detainer against Defendants)

41. Motiva realleges each of the allegations contained in paragraphs 1 through 40 above, inclusive, and incorporates said allegations as though fully set forth herein.

42. Liquidated damages of $300 per day under the Lease Article 19(c) have been accruing since October 4, 2004 as a result of Defendants' unlawful detention and will continue to accrue so long as Defendants remain in possession of the Station.

43. Motiva is entitled to these liquidated damages for the duration of the unlawful detainer.

WHEREFORE, Plaintiff Motiva Enterprises LLC prays for judgment against Defendants and each of them as follows:

1.  First Claim for Declaratory Judgment:

(a) A declaration that:

    (1) Termination of the franchise and franchise relationship between the parties was justified and proper in accordance with the PMPA;

    (2) Motiva is entitled to immediate possession and control of the Station; and

    (3) Such other and further relief declaring the rights, liabilities and obligations as between the parties as may be permitted by law or appropriate under the circumstances.

2.  Second Claim for Preliminary Injunction and Permanent Injunction:

(a) An order requiring Defendants to show cause, if they have any, why they should not be enjoined as set out below, during the pendency of this action; and

(b) A preliminary injunction and a permanent injunction compelling Defendants and their agents, servants and employees, and all persons acting under, in concert with, or for them:

    (1) to vacate and surrender possession of the Station immediately; and to return to Motiva any and all of Motiva's personal property, including, but not limited to, any and all of Motiva's equipment and fixtures located at the Station, without damage to any such property.

3. <u>Third Claim for Possession for Unlawful Detainer:</u>

(a) An order requiring Defendants to show cause, if they have any, why they should not be enjoined as set out below, during the pendency of this action;

(b) A preliminary injunction and a permanent injunction compelling Defendants and their agents, servants and employees, and all persons acting under, in concert with, or for them:

    (1) to vacate and surrender possession of the Station immediately; and

    (2) to return to Motiva any and all of Motiva's personal property, including, but not limited to, any and all of Motiva's equipment and fixtures located at the Station, without damage to any such property.

4. <u>Fourth Claim for Damages for Breach of Contract:</u>

(a) Damages resulting from Defendants' actions, including their failure to maintain sufficient amounts of Shell-branded gasoline at the Station according to proof at trial, including, but not limited to, damages for Motiva's lost profits during the period of product outage and injury to goodwill; and

(b) Interest on the above damages pursuant to contract and/or as allowed by law.

5. <u>Fifth Claim for Damages for Unlawful Detainer:</u>

(a) Liquidated damages as agreed to in the Lease Article 19(c) of $300 per day for each day after October 4, 2004 that Defendants, their agents, servants and employees, and all persons acting under, in concert with, or for them continue in possession of the Station; and

(b) Interest on the above damages as allowed by law.

6.  <u>All Claims</u>:

(a)  Attorneys' fees and costs of suit, pursuant to contract and/or as allowed by law; and

(b)  Such other and further legal and equitable relief as this court deems just and proper.


Dated: October 19, 2004

           PLAINTIFF,
           MOTIVA ENTERPRISES LLC,

           _____
           Gregg P. Goumas (BBO# 643661)
           Shipman & Goodwin LLP
           One Constitution Plaza
           Hartford, CT 06103-1919
           (tel) (860) 251-5000
           (fax) (860) 251-5219
           Ggoumas@goodwin.com
           Its Attorney

384203 v.01 S1

## VERIFICATION

I, Stephen B. Bradley, duly certify that I am the Sales Manager for the North Atlantic Region for Motiva Enterprises LLC, that I have read the contents of the attached Verified Complaint, that I am familiar with the contents therein, and I certify that the contents of the Verified Complaint are true to the best of my knowledge, information and belief. I declare under penalty of perjury that the forgoing is true and correct. Executed this 19th day of October, 2004.

_____
Stephen B. Bradley

384203 v.01 S1

-13-