UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOTIVA ENTERPRISES LLC, | : | C.A. No.: |
| Plaintiff, | : | |
| v. | : | |
| | : | **04 CV 1 2 1 94 DPW** |
| LAKEVIEW AUTO CARE INC. and | : | |
| MATTHEW D. HERMAN, | : | |
| Defendants. | : | OCTOBER 19, 2004 |

FILED
IN CLERK'S OFFICE

2004 OCT 20  A 11: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

## APPLICATION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE

Plaintiff Motiva Enterprises LLC ("Motiva"), a Delaware limited liability company, with its principal place of business in Texas, by its undersigned counsel hereby respectfully applies to this Court for a preliminary injunction in accordance with the prayer for relief in its Verified Complaint and respectfully requests that the defendants be ordered to appear before the Court to show cause why a preliminary injunction should not issue. This Application is submitted upon Motiva's Verified Compliant which states facts showing the irreparable harm that Motiva will suffer unless preliminary injunctive relief is granted.

This action arises from a Shell gasoline franchise relationship between Motiva and defendants Matthew D. Herman, a resident of Norfolk County, and Lakeview Auto Care, Inc., a Massachusetts corporation with its principal place of business in Braintree, Massachusetts (together "Defendants"). Mr. Herman, on behalf of his company, Lakeview Auto Care, Inc., signed a lease for a gas station owned by Motiva (the "Station") and simultaneously entered a sales agreement with Motiva for the marketing of Motiva's Shell-branded gasoline products to motorists at the Station.

Mr. Herman and Lakeview Auto Care, Inc. failed to fulfill their franchise agreements. Defendants failed to maintain adequate supplies of gasoline at the Station and were without Shell-branded products of any grade for seven consecutive days. Under both the franchise agreements and the Petroleum Marketing Practices Act, 15 USC Section 2801 et seq., this failure was permissible grounds for termination of the franchise and the lease and sales agreements. Although it is undisputed that this complete product outage began on September 22, 2004 and continues to the present, Defendants have refused to vacate Motiva's Station, thereby preventing Motiva from making use of its own property for selling gasoline.

Among other things, this action seeks injunctive relief to require Defendants to vacate and surrender possession of the Station immediately and to return to Motiva any and all of Motiva's personal property, including, but not limited to, any and all of Motiva's equipment and fixtures located at the Station, without damage to any such property.

In order to restore Motiva to the use and enjoyment of its property and to prevent Defendants' continued unauthorized use of the Station, Defendants should be enjoined pending the trial of this action from occupying the Station, and thereafter, be permanently enjoined from so doing. The Defendants' actions have caused irreparable injury to Motiva and will continue to cause irreparable injury if Defendants are not enjoined by the Court.

No prior application for injunctive relief sought herein has been made to this or any other Court.

WHEREFORE, Motiva respectfully requests that this Court grant this Application for Preliminary Injunction and Order to Show Cause, and that the Court order Defendants to appear before this Court to show cause why a preliminary injunction should not issue.

Dated: October 19, 2004

        PLAINTIFF,
        MOTIVA ENTERPRISES LLC,

        _____
        Gregg P. Goumas (BBO# 643661)
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, CT 06103-1919
        (tel) (860) 251-5000
        (fax) (860) 251-5219
        Ggoumas@goodwin.com
        Its Attorney

384203 v.01 S3